UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| WILLIE BUFORD, | ) |
| Petitioner, | ) |
| v. | ) Case No.: 2:18-cv-01514-MHH-JEO |
| LEON BOLLING, et al., | ) |
| Respondents. | ) |

**MEMORANDUM OPINION**

This is an action for a writ of habeas corpus filed by petitioner Willie Buford, *pro se*, on or about August 13, 2018. (Doc. 1).[1] Mr. Buford challenges his 2015 conviction in Jefferson County Circuit Court for first degree rape, first degree kidnapping, and second degree assault. (Doc. 1, p. 2). On April 10, 2019, the magistrate judge to whom the case was referred entered a report and recommendation pursuant to 28 U.S.C. § 636(b), recommending that the Court deny Mr. Buford's petition for habeas relief. (Doc. 17). Mr. Buford was advised of his right to file objections within 14 days. (Doc. 17, pp. 17-18). That time has expired, and Mr. Buford has not filed objections.

---

[1] Mr. Buford filed this petition with the United States District Court for the Middle District of Alabama. The Middle District transferred the petition to this Court on September 17, 2018. (Docs. 1, 4, and 5).

A district court "may accept, reject, or modify, in whole or part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A district court reviews legal conclusions in a report *de novo* and reviews for plain error factual findings to which no objection is made. *Garvey v. Vaughn*, 993 F.2d 776, 779 n.9 (11th Cir. 1993); *see also LoConte v. Dugger,* 847 F.2d 745, 749 (11th Cir. 1988); *Macort v. Prem, Inc.*, 208 Fed. Appx. 781, 784 (11th Cir. 2006).

Having carefully reviewed all of the relevant materials in the court file, including the magistrate judge's report, the Court adopts that report and accepts the magistrate judge's recommendation. Accordingly, the Court denies Mr. Buford's petition for a writ of habeas corpus for the reasons discussed in the magistrate judge's report. Because Mr. Buford's petition does not present issues that are debatable among jurists of reason, this Court will not issue a certificate of appealability. *See* 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000); Rule 11(a*), Rules Governing § 2254 Proceedings*. If he wishes to appeal, Mr. Buford must request a certificate of appealability from the Eleventh Circuit Court of Appeals. Rule 11(a*), Rules Governing § 2254 Proceedings*; Fed. R. App. P. 22(b).

**DONE** this 31st day of May, 2019.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE